**SO ORDERED.**

**SIGNED September 26, 2008.**



_____
**ROBERT SUMMERHAYS
UNITED STATES BANKRUPTCY JUDGE**

_____

```
             UNITED STATES BANKRUPTCY COURT
              WESTERN DISTRICT OF LOUISIANA


IN RE:

AMERICAN INTERNATIONAL REFINERY, INC.
AMERICAN INTERNATIONAL PETROLEUM CORP.        CASE NO. 04-21331

     Debtors                                  Chapter 11
----------------------------------------------------------------
ROBBYE R. WALDRON, LIQUIDATING TRUSTEE

     Plaintiff

VERSUS                                    ADV. PROCEEDING NO. 06-2015

ADAMS AND REESE, LLP

     Defendant

----------------------------------------------------------------
                      MEMORANDUM RULING
----------------------------------------------------------------
```

Presently before the court is the Plaintiff's Motion for Leave to File Amended Complaint ("Motion"). A hearing on the Motion was held on June 26, 2008. After receiving evidence and hearing argument from counsel, the court took the matter under advisement.

## JURISDICTION

The case has been referred to this court by the Standing Order of Reference entered in this district which is set forth as Rule 83.4.1 of the Local Rules of the United States District Court for the Western District of Louisiana. No party in interest has requested a withdrawal of the reference. The court finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

This Memorandum Ruling constitutes the Court's findings of fact and conclusions of law pursuant to Rule 7052, Federal Rules of Bankruptcy Procedure.

## BACKGROUND

This adversary proceeding was commenced by Jason Searcy, the former Liquidating Trustee, on September 20, 2006. As originally framed, the Trustee's complaint asserted fraudulent and preferential transfer claims under 11 U.S.C. §§ 547, 548 and 550 against Adams & Reese, LLP ("A&R"), counsel for the Debtors. A&R then moved to dismiss the complaint. On December 20, 2006, the Trustee moved to amend his complaint and add claims for disgorgement and punitive damages. The alleged basis for the disgorgement claim was that A&R failed to disclose its relationship with a creditor of AIPC, GCA Strategic Investment Fund Limited ("GCA"), and that A&R was not disinterested and had a conflict of interest as a result of this relationship. The Trustee based his

Page 2

06-02015 - #175  File 09/26/08  Enter 09/26/08 10:48:13  Main Document  Pg 2 of 9

claim for punitive damages on the allegation that A&R made fraudulent representations to the court by not disclosing its relationship with GCA.

On September 12, 2007, the court granted the Defendant's Motion for Partial Summary Judgment and dismissed the Trustee's avoidance claims and punitive damage claim. The court granted the Trustee leave to file an amended complaint limited to his claim for disgorgement. That Amended Complaint was filed on October 8, 2007. Shortly thereafter, Mr. Searcy was replaced by the current liquidating trustee, Robbye Waldron, whose counsel participated in the court's scheduling conference on December 7, 2007. The court entered a scheduling order on December 11, 2007, setting a deadline of February 29, 2008, to file amended pleadings. This order also provided that:

> Leave of court to amend pleadings will not be given except upon motion, a showing of good cause why amendment was not earlier sought, and a finding that the amendment will not necessitate further discovery or otherwise delay the proceeding.

The Trustee then filed the current Motion for Leave to File Amended Complaint. The court granted leave for additional discovery related to the present motion, and held a hearing on the motion on June 26, 2008. The parties then filed post-hearing submissions, and the court took the matter under advisement.

Page 3

The Trustee's proposed amended complaint adds claims for fraud, fraudulent inducement, conspiracy, and "breach of duty." The proposed amended complaint bases the fraud and fraudulent inducement claims on the treatment of GCA's claim in the Debtors' confirmed plan of reorganization and the pre-confirmation settlement between GCA and the former Equity Security Holders Committee (the "Committee"). Prior to this settlement, the Committee heavily litigated the treatment of GCA's claim in the plan. The Debtors' schedules and proposed plan treated GCA as a secured creditor with a secured claim of approximately $17.7 million. The Committee challenged GCA's position as a secured creditor. The Committee's settlement with GCA paved the way for the confirmation of the plan and the creation of the Liquidating Trust. Pursuant to the confirmed plan, GCA received $14 million for its claim, and $2 million was allocated to fund the Liquidating Trust.

The Trustee contends that GCA did not have a valid lien and should not have been treated as a secured creditor, that A&R knew about the invalidity of GCA's lien, and that A&R sought to benefit GCA to the detriment of the estate by concealing the status of GCA's claim. A&R contends that the documents and facts cited by the Trustee to support its Motion to Amend had been disclosed to the Committee and the court prior to the settlement and

confirmation of the plan.  A&R contends that amended complaint essentially seeks to re-litigate issues that have already been resolved in the confirmed plan and the settlement between GCA and the Committee.

The most recent scheduling order in the present case set a discovery cut-off for August 31, 2008, and a trial date of September 15, 2008.  These dates were suspended by the court pending a ruling on the present motion.

**LAW AND ANALYSIS**

Federal Rule of Civil Procedure 15(a)(2), as well as the court's scheduling order requires leave of court for the Plaintiff to file an amended complaint.  Generally speaking, Rule 15(a) "expresses a strong presumption in favor of liberal pleading." Lowrey v. Texas A&M University System, 117 F.3d 242, 245 (5th Cir. 1997).  However, courts also recognizes several exceptions to the overall liberality of the rule.  One of those exceptions is futility.  In other words, a request to amend should be denied if the amendment would raise a futile claim for relief.  United States ex rel. Doe v. Dow Chemical Company, 343 F.3d 325 (5th Cir. 2003). Another exception to the general rule is when the proposed amendment would "fundamentally alter the nature of the case." Mayeaux v. Louisiana Health Service and Indemnity Co., 376 F.3d 420, 427 (5th Cir. 2004).  Furthermore, amendments which seek to

Page 5

revive previously resolved matters should be denied regardless of whether Rule 15(a) would otherwise permit the amendment.

The Trustee asserts that the proposed amendment is based upon newly discovered evidence, namely three documents which are attached to the Motion for Leave. The Trustee essentially alleges that the information contained in these documents was hidden from the court and various parties involved in the bankruptcy case, causing the court and parties to make material decisions based upon misrepresentations. The court will consider the Trustee's fraud-based claims (fraud, fraudulent inducement, and conspiracy) and "breach of duty" claim separately.

    **1.**    **Fraud-Based Claims**.

The court has reviewed the allegedly newly-discovered evidence as well as the arguments of the parties and concludes that the Motion for Leave to File Amended Complaint must be denied with respect to the Trustee's fraud-based claims.

First, these claims would be futile, and would essentially re-litigate issues that have already been decided by the court in connection with plan confirmation. The information that the Trustee alleges was recently discovered was actually discovered prior to confirmation. The court and the parties were aware of the documents and the related information at the time of confirmation and the GCA-Committee settlement. In particular, the Committee was

aware of this information but, nevertheless, entered into the settlement and chose not to object to the plan of reorganization. The provisions of the confirmed plan (and, hence, the treatment of GCA) "bind ... any creditor, equity security holder, or general partner in the debtor, ... whether or not such creditor, equity holder, or general partner has accepted the plan." 11 U.S.C. §1141. Although A&R was not a party to the settlement between GCA and the Committee, the fraud and fraudulent inducement claims are essentially a collateral attack on the settlement and the plan because they are based on the same factual allegations already litigated and resolved by GCA and the Committee prior to confirmation. Moreover, as the relevant parties were aware of the documents calling GCA's claim into question prior to the settlement and plan confirmation, the Trustee cannot establish the reliance element of a fraudulent inducement claim.

Second, allowing the amendment would fundamentally alter the nature of this case at a late stage in the proceeding. This action is presently a narrow action for disgorgement based upon an alleged failure to disclose a conflict of interest. Allowing the new allegations in the proposed complaint would fundamentally transform the nature of this case by allowing the Trustee to re-litigate the issue of the GCA's secured claim, the propriety of the settlement between the Committee and GCA, and the treatment of GCA's claim in

the plan. Accordingly, leave to amend to add these fraud-based claims is denied.

**2. Breach of Duty Claim.**

The Trustee's proposed "breach of duty" claim presents a more difficult issue. The current live complaint bases the disgorgement claim on allegations that A&R was not "disinterested and that it had an apparent and actual conflict of interest." Second Amended Complaint at ¶30. The Trustee's proposed breach of duty claim incorporates these allegations, but also alleges a much broader range of breaches and damages to the bankruptcy estate than the present complaint. Although the proposed breach of duty claim is broader than the present claim for disgorgement, the court cannot conclude that the amendment is barred under the liberal rules for amending pleadings under Rule 15(a), despite the late stage of the proceeding. This claim does not, unlike the Trustee's fraud-based claims, fundamentally alter the nature of the proceeding. The court grants leave to amend to the extent that the Trustee is alleging a breach of A&R's duty, and that this breach caused damage to the estate. In this regard, the Trustee may amend to seek damages beyond the amount requested in the current claim for disgorgement. However, the Trustee does not have leave to assert a breach of duty claim that is essentially a fraudulent inducement claim in disguise by seeking damages for the $14 million allocated

Page 8

to GCA under the confirmed plan.  As explained above, a claim based on the treatment of GCA improperly transforms the nature of this proceeding, and is an improper collateral attack on the settlement and the confirmed plan of reorganization.

For the foregoing reasons, the court finds that the Trustee has failed to meet its burden under Rule 15(a) with respect to its fraud-based claims.  However, the Trustee is granted leave to amend the complaint to add a breach of duty claim as set forth above.  Accordingly, the Motion for Leave to File Amended Complaint is **GRANTED in part and DENIED in part** as set forth herein.

**IT IS SO ORDERED.**

###